

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J.J. Brown, Director
Rehabilitation and Crippled Children Divisions
State Board for Vocational Education
Austin, Texas

Dear Sir:

Opinion No. O-1119
Re: Power of the State Board of Control
to give space in the Capitol Build-
ing to the State Board for Vocation-
al education for the purpose of erect-
ing and supervising a stand to be used
in training the blind.

We acknowledge receipt of your letter of
July 13, 1939, in which you request the opinion of
this department on the question of whether or not the
State Board of Control has the power to allow your de-
partment to erect, supervise and use as a training
agency a vending stand in the State Capitol Building.

Your letter sets out the fact that as direct-
or of vocational rehabilitation, you are charged with
the responsibility of rehabilitating blind persons.
You further state that your experience and the exper -
ience of other directors of rehabilitation in other
states and of the American Foundation for the Blind
has led to the conclusion that the best occupation for
a blind person is that of operating a cigar, cigarette
and magazine stand in a public building, hospital or
similar location, and that you are at the present time
so training blind persons. We quote the following
portion of your letter for the purpose of accurately
fixing the basis of your request:

"This department is very badly in need
of a central place that we can use through-
out the entire year to train blind persons.
It is our desire to never train but one per-
son at a time which means that we need a

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J.J. Brown, Director, Page 2

place to train at least twelve blind persons during the coming year.

"We are anxious to secure permission from the Board of Control to allow us to erect, supervise and use as a training agency a stand in the Capitol building. It is our desire that any profits which may accrue from the operation of such a stand be used to assist in the entire rehabilitation program, and may we say here that we are authorized by the legislature to receive funds and deposit the same in the State Treasury to be used in furthering our work in the State of Texas.

"We expect to pay a reasonable salary to a competent person to train the said blind people in the operation of stands and that all profits above the cost of employing someone to operate the stand will be placed in the rehabilitation fund in the State Treasury, State of Texas, to be used in assisting in the rehabilitation of blind persons."

In opinion No. 0-800, dated May 12, 1939, Assistant Attorney General Tom D. Rowell held that the State Board of Control was prohibited by law from allowing a blind person to operate a cigar, cigarette, magazine and confectionery stand in the State Capitol Building. The statute in point is Article 668 of the Revised Civil Statutes of 1925, which reads as follows:

"Art. 668.- No room, apartment or office in the State Capitol Building shall be used at any time by any person as a bed room or for any private purposes whatever. This article shall not apply to the rooms occupied by the judges of the Supreme Court and the Courts of Civil and Criminal Appeals on the third and fourth floors of the Capitol."

The operation of a vending stand in the State Capitol Building by a blind person or any other individual, for the purpose of pecuniary gain or profit, undoubtedly falls within the prohibition ex-

Hon. J.J. Brown, Director, Page 3

pressed in Article 668, but we have found no statutory provision which would prevent the State Board of Control from designating space in the State Capitol Building to be used by a State Department in carrying out the duties imposed upon it by law.

It is the opinion of this department that the State Board of Control has the power to designate a space in the State Capitol Building, and to set apart such space, for the use of the State Board for Vocational Education in providing and maintaining a stand which will be devoted to the purpose of training the blind to operate and manage such an enterprise. It is understood, of course, that such stand shall be maintained and supervised by the Board for Vocational Education and operated purely as an educational enterprise. We do not intend to express any disagreement with opinion No. 0-800 since the situation there presented is not analogous to the one at hand.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY Ross Carlton
Assistant

APPROVED
OPINION COMMITTEE
BY L.D.R.
CHAIRMAN

RC:ob

APPROVED AUG 10, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS